FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>CLIOFAS LOZANO,<br><br>     Defendant. | CASE NO. 4:18-CR-6011-EFS-1<br><br>**ORDER DENYING WITH LEAVE TO RENEW DEFENDANT'S PRO SE MOTION FOR COMPASSIONATE RELEASE** |

On June 5, 2020, Defendant Cliofas Lozano filed a letter, which this Court construes as a Motion for Compassionate Release.[1] Defendant seeks a compassionate release from Bureau of Prisons' (BOP) custody in light of COVID-19. Defendant does not identify what legal authority he relies on, but the Court anticipates he seeks compassionate relief pursuant to 18 U.S.C. § 3582(c)(1).

Before a prisoner may seek court relief under § 3582(c)(1), the prisoner must seek administrative relief through the Bureau of Prisons or the warden of the defendant's facility. Defendant did not advise if he sought administrative relief or

---

[1] ECF No. 113.

Order- 1

whether thirty days has lapsed since the warden received his request, but simply asks the Court to help him with the situation.

Without additional information, the Court denies Defendant's motion with leave to renew. If Defendant desires to file a new motion with the Court for compassionate release, Defendant is encouraged to seek the assistance of his previously appointed former counsel, Nicholas Marchi (509-545-1055). In addition, if Defendant files a subsequent motion for compassionate release, Defendant is encouraged to provide the Court with the following information and *supporting documentation* establishing extraordinary and compelling reasons for the requested compassionate release: 1) Defendant's administrative request for sentence reduction submitted to the warden of the institution in which Defendant is housed and the action taken by the warden (if any) on such request; 2) Defendant's medical conditions and related medical needs and medications; 3) his projected release date, 4) his proposed release plan (Defendant is encouraged to discuss and develop his proposed release plan with his case manager); and 5) any other information to aid the Court in assessing whether compassionate relief is appropriate, such as the number of COVID-19 positive inmates and staff at the institution he is housed and what steps the institution has taken to minimize exposure to COVID-19 and available medical treatment if Defendant contracts COVID-19.

Accordingly, **IT IS HEREBY ORDERED**: Defendant's construed Motion for Compassionate Release, **ECF No. 113**, is **DENIED with leave to renew**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Defendant, all counsel (including Nicholas Marchi), and the U.S. Probation Office.

**DATED** this ___16th___ day of June 2020.

        s/Edward F, Shea
        EDWARD F. SHEA
      Senior United States District Judge